UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LEE TRANSPORTATION INC. ) | Civil Case No.: _____ |
| A Michigan Corporation ) | |
| ) | |
| Plaintiff, ) | Hon. _____ |
| ) | |
| VS. ) | |
| ) | |
| AMD PLASTICS, LLC, ) | |
| An Ohio Limited Liability Company ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COMES the Plaintiff, LEE TRANSPORTATION INC., by its attorneys, Sawan & Sawan, and for its Complaint against the Defendant, AMD PLASTICS, LLC, alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff LEE TRANSPORTATION INC., is a Michigan corporation ("Plaintiff" or "LEE") with its principal place of business located at 563 Cass Avenue, Pontiac, Michigan 48342.

2. The Defendant AMD PLASTICS, LLC ("Defendant" or "AMD") is an Ohio Limited Liability Company with its principal place of business located at 27600 Lakeland Boulevard, Euclid, Ohio 44132.

3. Jurisdiction over the subject matter of this action is based up 28 U.S.C. § 1332 and 28 U.S.C § 1367. Complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. Venue of this action in the Northern District of Ohio is based on 28 U.S.C § 1391. The Defendant is subject to personal jurisdiction in the Northern District as otherwise provided by law.

## GENERAL ALLEGATIONS

### The First "U.S. - Mexico Transport Agreement"

5. Plaintiff is generally engaged in the business of providing transportation and logistics services which were sought by the Defendant.

6. AMD requested quote(s) from logistics companies for the transportation of three machines owned by the Defendant.

7. AMD received quotations from Plaintiff for the transportation of the machines at issue, around September of 2019. The quotes are in the possession of both parties.

8. Plaintiff's quote contained detailed specifications, including the terms of service and the vehicles to be utilized.

9. Upon submitting a bid, AMD codified the initial terms in a Purchase Order generated by AMD on or about September 17, 2019. See *Ex. 1*.

10. The services required that Plaintiff transport two (2) certain machines from Ohio and Michigan to Mexico.

11. An agent of Defendant confirmed that Plaintiff should begin performance.

12. Upon this acceptance by Defendant, Plaintiff began performance.

13. The Plaintiff fully performed its obligations under the agreement.

14. The Defendant has failed to pay the sums due and owing to the Plaintiff within the 30 day period provided on the invoices. *See Ex. 2*.

15. On or about August 21st, 2020, Brian Coll, Chairman and CEO of AMD Plastics stated in an email that "you will be the first payment to go out next week. I guarantee it." *See Ex. 3*.

16. Despite said assurance, no such payment has been made.

## The Second "U.S. - Mexico Transport Agreement"

17. Plaintiff is generally engaged in the business of providing transportation and logistics services which were sought by the Defendant.

18. On or about October of 2019, AMD asked Plaintiff to provide a quote for the transport of a newly acquired machine from Michigan to Mexico.

19. On or about October 21st, 2020, in response to said request for a quote, Plaintiff informed AMD that they would "use the same terms and conditions as the first round of equipment". *See Ex. 4*.

20. The initial quote called for 3 Conestogas Flatbed Trucks or Stepdecks, at a cost $7,354.25 per truck – for a total cost of $22,062.75. *Id*.

21. As the date for performance approached, it became apparent that two additional trucks were needed – at an additional cost of $14,708.50.

22. Plaintiff began performance per the agreed upon scope and the terms of the First U.S.-Mexico Transport Agreement.

23. There were some delays in shipment due to a variety of customs issues occasioned by the actions or inactions of the Defendant.

24. The original terms and ensuing purchase order called for a penalty of $250 per day after 3 days at the United States – Mexico border.

25. All customs fees were to be billed to the Defendant.

26. The trucks were delayed at the United States – Mexico border for nearly 30 days due to the actions or inactions of Defendant - totaling penalty fees in the amount of $26,250.00.

27. The Plaintiff fully performed its obligations under the agreement.

28. The Defendant has failed to pay the sums due and owing to the Plaintiff within the 30 day period provided on the invoices. *See Ex. 2*.

29. On or about August 21st, 2020, Brian Coll, Chairman and CEO of AMD Plastics, stated in an email that "you will be the first payment to go out next week. I guarantee it." *See Ex. 3*.

30. Despite said assurance, no such payment has been made.

### I.  BREACH OF CONTRACT (THE FIRST "U.S. - MEXICO TRANSPORT AGREEMENT")

31. Plaintiff incorporates and restates the allegations set forth above as if fully stated herein.

32. Defendant made an offer by sending a purchase order with all material terms that invited the Plaintiff to accept by performance.

33. There was good and valuable consideration for both parties to enter the agreement.

34. An agent of Defendant confirmed that Plaintiff should begin performance consistent with the agreed upon material terms.

35. Plaintiff so performed fully its obligations.

36. Defendant breached the agreement with Plaintiff including, without limitation, the following:
    a. Failed to pay for services rendered.
    b. Failed to pay the 1.5% late payment fee for invoices over 30 days late.

37. As a direct and proximate result of the material breaches of the agreement by Defendant, Plaintiff has incurred substantial direct, consequential and incidental damages in excess of $75,000, exclusive of costs and interest.

### II.  BREACH OF CONTRACT (THE SECOND "U.S. - MEXICO TRANSPORT AGREEMENT")

38. Plaintiff incorporates and restates the allegations set forth above as if fully stated herein.

39. On or about October of 2019, AMD asked Plaintiff to provide a quote for the transport of a newly acquired machine from Michigan to Mexico.

40. On or about October 21st, 2020, in response to said request for a quote, Plaintiff informed AMD that they would "use the same terms and conditions as the first round of equipment". *See Ex. 4.*

41. There was good and valuable consideration for both parties to enter the agreement.

42. An agent of Defendant confirmed that Plaintiff should begin performance consistent with the agreed upon material terms.

43. Plaintiff so performed fully its obligations.

44. Defendant breached the agreement with Plaintiff including, without limitation, the following:
    c. Failed to pay for services rendered.
    d. Failed to ensure border clearance in a timely fashion.
    e. Failed to pay the agreed upon daily penalty for delay at the border.
    f. Failed to pay the 1.5% late payment fee for invoices over 30 days late.

45. As a direct and proximate result of the material breaches of the agreement by Defendant, Plaintiff has incurred substantial direct, consequential and incidental damages in excess of $75,000, exclusive of costs and interest.

## II. UNJUST ENRICHMENT

46. Plaintiff incorporates and restates the allegations set forth above as if fully stated herein.

47. Plaintiff conferred a benefit upon the Defendant in the form of logistics services rendered.

48. Defendant was fully aware that Plaintiff rendered these services and conferred these benefits upon them.

49. Permitting the Defendant to retain these benefits under these circumstances without payment or restitution would be unjust.

50. As a direct and proximate result of the unjust enrichment of the Defendant, Plaintiff has incurred substantial direct, consequential and incidental damages in excess of $75,000, exclusive of costs and interest.

### III. PROMISSORY ESTOPPEL

51. Plaintiff incorporates and restates the allegations set forth above as if fully stated herein.

52. Defendant clearly and unambiguously promised to pay for the services rendered by the Plaintiff.

53. The Plaintiff relied on the promises made by the Defendant.

54. Defendant should reasonably have expected the promise to induce the Plaintiff to perform services.

55. It was reasonable and foreseeable for the Defendant to assume Plaintiff would rely on the promise.

56. The Plaintiff has been injured by the lack of performance of Defendant's promise.

57. As a direct and proximate result of the Defendant's actions, Plaintiff has incurred substantial direct, consequential and incidental damages in excess of $75,000, exclusive of costs and interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against the Defendant on each of the above Counts of the Complaint; an award of damages to compensate Plaintiff for its loses in excess of $75,000; an award of punitive damages; prejudgment interest; an award of attorney's fees and costs; and all other just and proper relief.

Respectfully Submitted,
SAWAN & SAWAN

Dennis E. Sawan. Esq.
Attorney for Plaintiff
416 North Erie Street Suite 200
Toledo, Ohio 43604
(419) 900-0955
des@sawanandsawan.com